# EXHIBIT A

# EXHIBIT A

Electronically Filed
01/30/2015 03:00:31 PM

*[signature]*

**CLERK OF THE COURT**

SUMM
Anthony Paglia Esq.
Nevada Bar No. 11234
ANTHONY PAGLIA INJURY LAWYER LTD
255 E. Warm Springs Suite 100
Las Vegas, Nevada 89119
*Attorney for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| YELE GLASTER, individually,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a foreign corporation; DOES I through X, inclusive and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: A-14-711532-C<br>Dept. No.: XVII<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: Dollar Tree Stores, Inc.

    A civil Complaint has been filed by the plaintiff against you for relief set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

1

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

ANTHONY PAGLIA INJURY LAWYER LTD

_____
Anthony M. Paglia, Esq.
Nevada Bar No. 11234
255 E. Warm Springs Suite 100
Las Vegas, Nevada 89119
*Attorney for Plaintiff*

Steven D. Grierson, CLERK OF COURT

By: _____  JAN 06 2015
DEPUTY CLERK                    DATE
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

VIVIAN A. CANELA

2

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

STATE OF NEVADA  )
                 )
                 )  CASE NO.: A-14-711532-C
                 )
                 )  DEPT NO.: XVII
                 ) ss.:
COUNTY OF CLARK  )
                 )  **AFFIDAVIT OF SERVICE**

*(Name of person who served the documents, the "Affiant")*

Carl Theodore Aceto #R-060618_____, being duly sworn, states that at all times herein Affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. Affiant is a licensed process server whose license number is stated below. That Affiant received a copy of the *(list the documents)* Summons & Complaint, Demand For Jury Trial

on the 12th   day of January          , 2015    That Affiant personally served Dollar Tree Stores_____ with a copy of the above stated documents on the  15th   day of January          , 2015  at *(time)* 08:15   a.m.

*(Check and complete option A ,B or C)*

[ ]   A. Delivering and leaving the documents with said party at *(street address)*
_____
*(city)*_____ *(state)*_____ *(zip)*_____

[ ]   B. Delivering and leaving a copy with *(first and last name of person that the documents were given to)*_____ who is a person of suitable age and discretion that lives with the above stated party at *(street address)*
*(city)*_____ *(state)*_____ *(zip)*_____

[✓]   C. Delivering and leaving a copy with Marcia Wyatt_____
who is ---------------------- [ ] registered agent , [ ] officer, [ ] general partner, [ ] member, [ ] manager, [ ] trustee, [ ] director. Or [✓] other *(specify)* Admin. Assist._____ at *(street address)*
8275 S. Eastern Avenue #200_____.
*(city)* Las Vegas_____ *(state)* Nevada_____ *(zip)* 89123

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated this 16th  day of January_____, 2015

_____
Signature of Affiant
Corporate Intelligence International
720 E. Charleston Blvd. Suite 135
Las Vegas, Nevada 89104
State License #595/595-A

# EXHIBIT B

# EXHIBIT B

Electronically Filed
12/23/2014 03:28:32 PM

CLERK OF THE COURT

1

**COMP**
Anthony M. Paglia, Esq.
Nevada Bar No. 11234
ANTHONY PAGLIA INJURY LAWYER LTD
255 E. Warm Springs Road Suite 100A
Las Vegas, Nevada 89119
Telephone: (702) 830-7070
Facsimile: (702) 522-0504
E-mail: apaglia@anthonypaglia.com
*Attorney for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

YELE GLASTER, individually,                )
                                            )  CASE NO.  A- 14 - 711532- C
            Plaintiff,                      )  DEPT. NO.
        vs.                                 )           XVI I
                                            )
DOLLAR TREE STORES, INC., a foreign         )  **COMPLAINT**
corporation; DOES I - X, and ROE            )
CORPORATIONS XI - XX, inclusive,            )
                                            )
            Defendants.                     )
                                            )

Plaintiff Yele Glaster ("Glaster") an individual, by and through her attorney of record herein

Anthony Paglia Esquire of the law firm of Anthony Paglia Injury Lawyer LTD complains against the

Defendants Dollar Tree Stores, Inc. ("Defendants") as follows:

**JURISDICTION**

1.     At all relevant times herein Defendants were and are doing business in Clark County,

Nevada.

2.     The actions complained of herein took place in Clark County, Nevada.

3.     The true names and capacities of the Defendants designated herein as Doe or Roe

Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants

- 1 -

by such fictitious names.  When the true names and capacities of these Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4.    At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5.    All Defendants are jointly and severally liable.

## BACKGROUND INFORMATION

6.    Plaintiff incorporates the preceding paragraphs of the Complaint as though said paragraphs were fully set forth herein.

7.    On or about March 14, 2014, Glaster was at the Dollar Tree store, located at 9890 S. Maryland Parkway, Las Vegas NV 89183.

8.    A cart was left unattended.

9.    Glaster tripped on the cart and fell inside the Dollar Tree Store.

## FIRST CAUSE OF ACTION
### (Negligence)

10.    Plaintiff incorporates the preceding paragraphs of the Complaint as though said paragraphs were fully set forth herein.

11.    Defendants owed Plaintiff a duty of care.

12.    Defendants breached that duty of care.

13.    As a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of $10,000.00.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Retention, and Supervision)

14.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

15.   Defendants had a duty of reasonable care to protect Glaster from negligent and/or careless actions of its own agents, officers, employees, and others.

16.   Defendants had a duty not to franchise to or hire individuals with the propensity toward committing unlawful and/or harmful acts against Glaster.

17.   Defendants had a duty to adequately train and supervise its employees in regard to all correct policies, procedures, and lawful activities within the workplace.

18.   Defendants breached these duties and damaged Glaster by failing to supervise, train, hire, and appoint appropriate personnel, which resulted in emotional distress and bodily injury to Glaster.

19.   As a direct and proximate cause of Defendants' conduct described herein above Glaster was damaged in an amount in excess of $10,000.00.

20.   Glaster, as a result of Defendants' negligent hiring, training, retention, and supervision, retained an attorney in the State of Nevada to prosecute its claims for relief herein and, as such, is entitled to its reasonable attorney's fees and costs associated with prosecution of the same.

### THIRD CAUSE OF ACTION
**(Respondeat Superior)**

21.   Plaintiff incorporates the preceding paragraphs of the Complaint as if those paragraphs were fully incorporated herein.

22.   Defendant Doe I-X was acting within the course and scope of employment while working at the business.

23.   Defendants are therefore liable for the negligent actions of Doe I-X.

24.   Plaintiff Glaster was injured as a proximate consequence of Doe I-X's actions.

25.    As a direct and proximate cause of Doe I-X's negligence, Plaintiff has been damaged in an amount in excess of $10,000.00.

26.    Glaster, as a result of Doe I-X's actions as set forth herein, retained an attorney in the State of Nevada to prosecute its claims for relief herein and, as such, is entitled to its reasonable attorney's fees and costs associated with prosecution of the same.

WHEREFORE, Plaintiff prays judgment against all Defendants, and each of them, as follows:

1.    For general and compensatory damages against Defendants individually, jointly and severally in an amount in excess of $10,000.00;

2.    For general damages in an amount in excess of $10,000.00;

3.    For special damages in an amount in excess of $10,000.00;

4.    For attorney's fees and costs;

5.    For interest at the statutory rate; and

6.    For such other relief as the Court deems just and proper.

ANTHONY PAGLIA INJURY LAWYER

By: _____

Anthony M. Paglia, Esq.
Nevada Bar No. 11234
ANTHONY PAGLIA INJURY LAWYER LTD
255 E. Warm Springs Road Suite 100A
Las Vegas, NV 89119
*Attorneys for Plaintiff*

# EXHIBIT C

# EXHIBIT C

Electronically Filed
02/03/2015 01:18:42 PM

**CLERK OF THE COURT**

1  **ANSR**
   JAMES R. OLSON, ESQ.
2  Nevada Bar No. 00116
   STEPHANIE M. ZINNA, ESQ.
3  Nevada Bar No. 011488
   OLSON, CANNON, GORMLEY,
4  ANGULO & STOBERSKI
   9950 West Cheyenne Avenue
5  Las Vegas, NV 89129
   Phone: 702-384-4012
6  Fax:   702-383-0701
   jolson@ocgas.com
7  szinna@ocgas.com

8  Attorneys for Defendant
   DOLLAR TREE STORES, INC.

9

10                 DISTRICT COURT

11            CLARK COUNTY, NEVADA

12                    * * * *

13  YELE GLASTER, individually,        )
                                       )
14          Plaintiff,                 )
                                       )
15  vs.                                )   CASE NO.  A-14-711532-C
                                       )   DEPT. NO.  XVII
16  DOLLAR TREE STORES, INC., a        )
    foreign corporation; DOES I - X, and )
17  ROE CORPORATIONS XI - XX,          )
    inclusive,                         )
18                                     )
            Defendant.                 )
19  _____)

20  **DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFF'S
                           COMPLAINT**

21

22       COMES NOW, Defendant DOLLAR TREE STORES, INC. (hereinafter "Defendant") by

23  and through its attorneys, JAMES R. OLSON, ESQ. and STEPHANIE ZINNA, ESQ. of the law

24  firm Olson, Cannon, Gormley, Angulo & Stoberski, and hereby files its Answer to Plaintiff's

25  Complaint as follows:

                            **JURISDICTION**
26
        1.    Answering Paragraph 1 of Plaintiffs' Complaint, this answering Defendant admits
27
    each and every allegation contained therein.
28

2.      Answering Paragraphs 2, 3, and 4 of Plaintiffs' Complaint, this answering is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds denies same.

4.      Answering Paragraph 5 of Plaintiff's Complaint, these contain conclusions of law and this answering Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and is unable to admit or deny those allegations, and upon said grounds denies same.

### BACKGROUND INFORMATION

5.      Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant repeats and realleges their responses to Paragraphs 1 through 5 of the Complaint as though set forth in detail.

6.      Answering Paragraphs 7, 8, and 9 of Plaintiffs' Complaint, this answering is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein, and upon said grounds denies same.

### FIRST CAUSE OF ACTION

#### (Negligence)

5.      Answering Paragraph 10 of Plaintiff's Complaint, this answering Defendant repeats and realleges their responses to Paragraphs 1 through 9 of the Complaint as though set forth in detail.

6.      Answering Paragraphs 11, 12, and 13 of Plaintiff's Complaint, these contain conclusions of law and this answering Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and is unable to admit or deny those allegations, and upon said grounds denies same.

### SECOND CAUSE OF ACTION

#### (Negligent Hiring, Training, Retention and Supervision)

7.      Answering Paragraph 14 of Plaintiff's Complaint, this answering Defendant repeats and realleges their responses to Paragraphs 1 through 13 of the Complaint as though set forth in detail.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

8.     Answering Paragraphs 15, 16, 17, 18, 19, and 20 of Plaintiff's Complaint, these contain conclusions of law and this answering Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and is unable to admit or deny those allegations, and upon said grounds denies same.

### THIRD CAUSE OF ACTION

#### (Respondeat Superior)

7.     Answering Paragraph 21 of Plaintiff's Complaint, this answering Defendant repeats and realleges their responses to Paragraphs 1 through 20 of the Complaint as though set forth in detail.

8.     Answering Paragraphs 22, 23, 24, 25, and 26 of Plaintiff's Complaint, these contain conclusions of law and this answering Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and is unable to admit or deny those allegations, and upon said grounds denies same.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

All of the risks and dangers, if any, involved in the factual situation described in the Complaint were open, obvious and known to the Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

#### SECOND AFFIRMATIVE DEFENSE

That at the time and place alleged in Plaintiffs' Complaint, and for a period of time prior thereto, the Plaintiff did not exercise ordinary care, caution or prudence for the protection of her own safety and the injuries and damages complained of by the Plaintiff in her Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness and negligence of the Plaintiff.

#### THIRD AFFIRMATIVE DEFENSE

Defendant DOLLAR TREE STORES, INC. at all times relevant to the allegations in Plaintiff's Complaint on file herein, acted with due care and circumspection in the performance of any duties imposed on them, if any.

**FOURTH AFFIRMATIVE DEFENSE**

At all times and places alleged in Plaintiff's Complaint on file herein, the negligence, misconduct and fault of the Plaintiff exceeds that of the Defendant, if any, and Plaintiff is thereby barred from any recovery against this Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

At the time of the acts as alleged in Plaintiff's Complaint, Defendant DOLLAR TREE STORES, INC. did not create any alleged dangerous condition, and therefore, Plaintiff's claims are barred as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Neither Defendant DOLLAR TREE STORES, INC., their agents or employees, had knowledge of the presence of any alleged hazardous condition prior to the accident, if in fact there were hazardous conditions, which are denied.

**SEVENTH AFFIRMATIVE DEFENSE**

The loss, injuries and damages, if any, which the Plaintiff alleges, were directly and proximately caused and/or contributed to by the negligence, carelessness or fault of the Plaintiff and therefore, Defendant DOLLAR TREE STORES, INC. is entitled to contribution in proportion to the percentage of negligence attributed to the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

At the time and place and under the circumstances alleged, the injures or damages of the Plaintiff, if any, were caused by the acts or omissions of some parties over whom Defendant DOLLAR TREE STORES, INC. had no control and for whose acts Defendant DOLLAR TREE STORES, INC. was not responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendant DOLLAR TREE STORES, INC. contends that the Plaintiff has failed to mitigate her damages as required by law.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff had knowledge of and was fully aware of the condition of the premises and expressly and impliedly assumed any risks incident thereto by voluntarily coming upon said

premises.  The injuries alleged by the Plaintiff were caused by and arose out of such risks.

## ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquire upon the filing of this Answer, and therefore, Defendant DOLLAR TREE STORES, INC. reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE,** Defendant DOLLAR TREE STORES, INC. prays for relief as follows:

1.      That Plaintiff take nothing by way of her Complaint on file herein;

2.      For reasonable attorney's fees;

3.      For costs of suit incurred and to be incurred herein; and

4.      For such other and further relief as the Court may deem just and proper in the premises.

DATED this _____ day of February, 2015.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By _____
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
STEPHANIE M. ZINNA, ESQ.
Nevada Bar No. 011488
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
Dollar Tree Stores, Inc.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
Law Office of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## CERTIFICATE OF SERVICE

On the 3rd day of February, 2015, the undersigned, an employee of Olson, Cannon, Gormley, Angulo & Stoberski, hereby served a true copy of Defendant's Answer to Plaintiff's Complaint, to the parties listed below via the EFP Program, pursuant to the Court's Electronic Filing Service Order effective June 1, 2014, and/or mailed:

Anthony M. Paglia, Esq.
Antony Paglia Injury Lawyer, Ltd.
255 East Warm Springs Road, #100A
Las Vegas, NV 89129
P: 702-830-7070
F: 702-522-054
apaglia@anthonypaglia.com
Attorneys for Plaintiff

An Employee of Olson Cannon Gormley Angulo & Stoberski

# EXHIBIT D

# EXHIBIT D

ELECTRONICALLY SERVED
02/10/2015 10:59:44 AM

REQT
Anthony Paglia Esq.
Nevada Bar No. 11234
ANTHONY PAGLIA INJURY LAWYER
255 E. Warm Springs Road Suite 100A
Las Vegas, Nevada 89119
Telephone: (702) 830-7070
Facsimile: (702) 522-0504
E-mail: apaglia@anthonypaglia.com
*Attorney for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| YELE GLASTER, individually,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a foreign corporation; DOES I-X, and ROE CORPORATIONS I-X inclusive,<br><br>Defendants. | Case No.: A-14-711532-C<br>Dept. No.: XVII<br><br>**REQUEST FOR EXEMPTION FROM ARBITRATION** |

## REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff, YELE GLASTER by and through his attorney of record, Anthony M. Paglia, Esq., of Anthony Paglia Injury Lawyer LTD, hereby requests that the above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case:

1. presents a significant issue of public policy;

2. XXX involves an amount in issue in excess of $50,000, exclusive of interest and costs;

3. presents unusual circumstances which constitute good cause for removal from the program.

1

This is an action for personal injuries resulting from an incident which occurred on March 14, 2014, at a Dollar Tree store. On that date, Plaintiff was walking down a store aisle. Defendant failed to keep store aisles safe and clear of hazards, because management left a cart unattended. It was impeding foot traffic, causing the Plaintiff to trip over the cart and fall. As a result of said incident, the Plaintiff suffered from right upper extremity numbness, and has been recommended for a Right Cervical Selective Nerve Root Block at C5 & C6, costing $4,950.00. To date, Yele Glaster has incurred the following medical expenses as a result of the subject incident caused by Defendant:

| Medical Providers | Final Bill Amount |
|---|---|
| Urgent Care Extra | $420.00 |
| Advanced Orthopedics & Sports Medicine | $1,222.00 |
| Cameron Medical Center | $2,369.00 |
| Sunrise Hospital | $6,722.00 |
| CVS pharmacy | $14.00 |
| Sean Early Physical Therapy | $190.00 |
| Centennial Surgery Center | $2,400.00 |
| Centennial Medical Group | $3,090.00 |
| Sunset Neck and Back (Fine Chiropractic Center) | $3,200.00 |
| Unique Care Pharmacy | $499.77 |
| Las Vegas Radiology | $2,750.00 |
| **Total Medical Providers:** | **$22,876.77** |

Evidenced by the serious injuries diagnosed by Plaintiff's healthcare providers, together with the significant medical expenses incurred by Plaintiff and the future cost of treatment, Plaintiff's case has probable jury award value in excess of $50,000. Accordingly, and pursuant to NAR 5, an exemption is requested.

. . .

2

Based upon the foregoing, I hereby certify pursuant to N. R. C. P. 11 this case to be within the exemption marked above, and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

ANTHONY PAGLIA INJURY LAWYER LTD

By: _____
Anthony M. Paglia, Esq.
Nevada Bar No. 11234
ANTHONY PAGLIA INJURY LAWYER LTD
255 E. Warm Springs Road Suite 100A
Las Vegas, Nevada 89119
*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___10___ day of _february_ 20_15_, a true and correct copy of the foregoing **REQUEST FOR EXEMPTION FROM ARBITRATION** was served upon each of the parties via Odyssey E-Filing System pursuant to NRCP 5(b)(2)(D) and EDCR 8.05 to:

James R. Olson Esq.
Email: jolson@ocgas.com

Stephanie M. Zinna Esq.
szinna@ocgas.com

*Attorneys for Defendant*

An Employee of Anthony Paglia Injury Lawyer, LTD.