# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

YELE GLASTER,

            Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

            Defendant.

2:15-cv-00252-MMD-VCF

**ORDER**

Stipulation for Protective Order (#20)

Before the court is the parties' Stipulation for Protective Order (#20) which the court approves, with the exception of Paragraph 4. This order also reminds counsel that there is a presumption of public access to judicial files and records. Paragraph 4 of the parties' proposed stipulation (#20) was not approved and was deleted by the court.

While some of the deleted language is not inconsistent with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) or this court's Local Rules regarding filing confidential documents or utilizing confidential documents at trial, the court issues this order to clarify that the parties must adhere to those directives as set forth below.

Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. See LR 10-5(b). That rule provides:

    Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal must be accompanied by a motion for leave to file those documents under seal, and must be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior

Court order, the papers must bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule. *Id.*

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*, 447 F.3d 1172:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id.* at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy. *Id.* "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that:

1. Deleted Paragraph 4 of the parties' Stipulated Protective Order (#20) is NOT APPROVED.

2. The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Protective Order (#20), as modified and signed by the court, is APPROVED.

DATED this 2nd day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

JAMES R. OLSON, ESQ.
STEPHANIE M. ZINNA, ESQ.
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:   702-383-0701
jolson@ocgas.com
szinna@ocgas.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| YELE GLASTER, individually, | ) | CASE NO.  2:15-CV-252-MMD-VCF |
| Plaintiff, | ) | |
| vs. | ) | |
| DOLLAR TREE STORES, INC., a foreign corporation; DOES I - X, and ROE CORPORATIONS XI - XX, inclusive, | ) | |
| Defendant. | ) | |

### STIPULATION FOR PROTECTIVE ORDER

Defendant DOLLAR TREE STORES, INC., a Virginia Corporation with its principle place of business in Virginia, through its attorneys of record, OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and Plaintiff, YELE GLASTER, through her attorney of record, ANTHONY PAGLIA, ESQ. (hereinafter, collectively, the Parties), hereby Stipulate and Agree to the following:

///

///

///

///

///

1) If any party to this lawsuit believes that any documents it discloses or procedures during discovery are confidential, that party shall designate such documents by marking them with an overlay that indicated the confidential nature of the documents prior to the time of production. The parties shall identify confidential documents subject to this Protective Order by marking each page at the bottom middle of each page with the following language:

**CONFIDENTIAL SUBJECT TO COURT ORDER**

2) Any documents, testimony, video, writing, report, transcripts or other papers relating to the Defendant's surveillance system in any store, including but not limited to the functionality, placement, view(s), or other identifying information are deemed confidential and subject to this order.

3) If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a Motion for Protective order with respect to the challenged documents within 30 days of receipt of such written notice. If the designating party does not file such a motion within the 30-day period, the documents whose confidential designation are disputed shall be deemed not be confidential by agreement of the parties. If a Motion for Protective Order if filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

4) ~~If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, the documents, papers, and/or transcripts if proceedings shall be labeled as indicated in Paragraph "1" of this Protective Order and shall be filed under seal, bearing the following legend clearly written on the face of the sealed envelope under the name and case number of this action:~~

~~**CONFIDENTIAL SUBJECT TO COURT ORDER**~~

~~The contents of this envelope are subject to a Protective Order entered by the Court in GLASTER v. DOLLAR TREE STORES, INC., United States District Court, District of Nevada, Case No. 2:15-CV-252-MMD-VCF these materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court.~~

5) Confidential information and/or documents may be used in deposition, but shall remain subject to the Protective Order. If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, or if information subject to confidentiality is discussed in a deposition, the party may designate the pertinent portion of the transcript as confidential and subject to this Protective Order. If the parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall move for a protective order asking that the disputed portions thereof be deemed confidential, this disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

6) Except as otherwise provided herein, all documents and the information contained therein that are designated may only be disclosed by parties and the parties' counsel of record in this case to clients, attorneys, clerks, paralegals and secretaries in the regular employment of the parties' counsel, and to independent experts and consultants who are employed by a party and contemplated by Rule 26 (b)(4) of the Federal Rules of Civil Procedures. Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

7) Prior to disclosing confidential documents or the information contained therein to any experts or consultants pursuant to Paragraph "5" hereof, counsel for the party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement.

8) Upon final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, shall be returned to counsel for the designating party or destroyed. If destroyed, the party destroying such documents shall certify in writing to counsel for the designating party that all confidential documents produced by the designating party, and all copies thereof, have been destroyed. The foregoing party shall not preclude a party's counsel from retaining his own or her own work product and

shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in the regular employment of the party's counsel, and shall not be shared or disclosed to anyone other than these individuals.

9) The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective Order.

10) Either party may seek to have the Court modify or terminate this Protective Order at any time either party deems appropriate.

Dated this __2__ day of ~~June~~ July, 2015

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By__/s/ Stephanie Zinna_____
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
STEPHANIE ZINNA, ESQ.
Nevada Bar No. 0011488
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant Dollar Tree Stores, Inc.

Dated this _____ day of June, 2015

ANTHONY PAGLIA INJURY LAWYER, LTD.

By_____
ANTHONY PAGLIA, ESQ.
Nevada Bar No. 11234
255 East Warm Springs Road, #100A
Las Vegas, NV 89129
Attorney for Plaintiff

1 shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in
2 the regular employment of the party's counsel, and shall not be shared or disclosed to anyone
3 other than these individuals.
4     9) The terms of this Protective Order shall survive the final termination of this
5 action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction
6 to enforce this Protective Order.
7     10) Either party may seek to have the Court modify or terminate this Protective Order
8 at any time either party deems appropriate.

9 Dated this _____ day of June, 2015      Dated this 1st day of ~~June~~ July 2015

10 OLSON, CANNON, GORMLEY,      ANTHONY PAGLIA INJURY LAWYER,
   ANGULO & STOBERSKI                                   LTD.

12 By_____      By_____
   JAMES R. OLSON, ESQ.                                  ANTHONY PAGLIA, ESQ.
13 Nevada Bar No. 000116                                 Nevada Bar No. 11234
   STEPHANIE ZINNA, ESQ.                              255 East Warm Springs Road, #100A
14 Nevada Bar No. 0011488                                Las Vegas, NV 89129
   9950 West Cheyenne Avenue                    Attorney for Plaintiff
15 Las Vegas, Nevada 89129
   Attorneys for Defendant Dollar Tree Stores,
16 Inc.

**IT IS SO ORDERED.**

*[signature]*

**UNITED STATES MAGISTRATE JUDGE**
**DATED:** 7-2-2015

Page 4 of 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __2__ day of July, 2015, I served the above STIPULATION FOR PROTECTIVE ORDER through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Anthony M. Paglia, Esq.
Antony Paglia Injury Lawyer, Ltd.
255 East Warm Springs Road, #100A
Las Vegas, NV 89129
P: 702-830-7070
F: 702-522-054
apaglia@anthonypaglia.com
Attorneys for Plaintiff

_/s/ Margaret Anthy_____
An Employee of Olson Cannon Gormley
Angulo & Stoberski