**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

YELE GLASTER,

            Plaintiff,

vs.

DOLLAR TREE STORES, INC., *et al.*,

            Defendants.

Case No. 2:15–cv–252–MMD–VCF

**ORDER**

MOTION TO EXCLUDE UNDISCLOSED DAMAGES (#23)

This matter involves Yele Glaster's personal-injury action against the Dollar Tree Stores ("Dollar Tree"). Dollar Tree moves the court to exclude Ms. Glaster's undisclosed damages (#23). For the reasons stated below, Dollar Tree's motion is denied.

**I. LEGAL STANDARD**

The guiding premise of the Federal Rules of Civil Procedure is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Rule 26(a)(1), which governs initial disclosures, effectuates Rule 1's purpose by imposing an affirmative duty on litigants to disclose certain information without waiting for a discovery request. *See* FED. R. CIV. P. 26(a)(1), Advisory Comm. Notes (1993).

The information that Rule 26(a)(1) requires litigants to disclose includes a computation of damages for each category of damages that is claimed. FED. R. CIV. P. 26(a)(1)(A)(iii). In turn, Rule 26(e)(1)(A) requires litigants to supplement initial disclosures "in a timely manner if the party" making the disclosure learns "that some material respect" of the disclosure changed. FED. R. CIV. P. 26(e)(1)(A). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir.

2009). Supplementation merely means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id*. (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding a second disclosure so substantially different from the first that it could not qualify as a correction of an incomplete or inaccurate expert report)). The purpose of these rules is "to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." FED. R. CIV. P. 26(a), Advisory Comm. Notes (1993), Subdivision (a).

If a party fails to timely disclose or supplement a computation of damages for each category of damages that is claimed, that party is not allowed to use the information at a hearing or at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). Substantial justification or harmlessness is governed by four factors: (1) prejudice or surprise; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). The district court has wide latitude in using its discretion to impose discovery sanctions. *Id*. at 1106.

## II. DISCUSSION

On March 14, 2014, Ms. Glaster visited a Dollar Tree store in Las Vegas, Nevada, allegedly tripped over an unattended cart, and suffered injuries to her neck. *See* (Compl. (#1-1) at ¶ 7). On December 23, 2014, Ms. Glaster commenced this action against Dollar Tree, which Dollar Tree subsequently removed. Dollar Tree's petition for removal relies on Ms. Glaster's claim for future damages in order to satisfy this court's amount in controversy requirement. *See* 28 U.S. Code § 1332(b).

To date, Ms. Glaster has not disclosed a computation of her future damages. Dollar Tree argues that Ms. Glaster's failure to disclose a computation of future damages deprives the court of subject-matter jurisdiction and is sanctionable under Rule 37. As discussed above, if a party fails to timely disclose a computation of damages under Rule 26(a), that party is not allowed to use the information at trial unless the failure to timely disclose the information was substantially justified or harmless. *See* FED. R. CIV. P. 37(c)(1). The party facing sanctions under Rule 37 bears the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd.*, 259 F.3d at 1106–07. Substantial justification or harmlessness is governed by four factors: (1) prejudice or surprise; (2) the ability to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness. *Lanard Toys Ltd.*, 375 F. App'x at 713 (citation omitted).

After reviewing the record and moving papers, the court declines to sanction Ms. Glaster at this time. The exclusion of damages is a harsh sanction. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. And, the *Lanard Toys* factors dissuade the court from sanctioning Ms. Glaster. First, Dollar Tree will not be unreasonably surprised by Ms. Glaster's computation of future damages. Dollar Tree's moving papers demonstrate that it has been on notice of Ms. Glaster's claim for future damages since this action commenced. On the other hand, excluding Ms. Glaster's future damages would be highly prejudicial. Exclusion prevents a party from seeking a full recovery on the merits of their claim.

Second, the prejudice that Ms. Glaster would incur by being sanctioned, and the prejudice of delay that Dollar Tree may face, can be cured by conducting additional discovery as ordered below.

The third *Lanard Toys* factor considers the likelihood of disruption of the trial. 375 F. App'x at 713. This factor is neutral because discovery is ongoing.

Fourth, the court declines to exclude Ms. Glaster's claim for future damages because the court is not persuaded that her failure to disclose her claim of future damages is a product of bad faith or

3

willfulness.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Dollar Tree's Motion to Exclude Damages (#23) is DENIED.

IT IS FURTHER ORDERED that Ms. Glaster must disclose a computation of all damages that she claims in accordance with Rule 26(a)(1)(A)(iii) by August 25, 2015.

IT IS FURTHER ORDERED that discovery will close on September 8, 2015.

IT IS FURTHER ORDERED that Dollar Tree may conduct an IME of Ms. Glaster, and depose Ms. Glaster regarding the newly disclosed damages, by September 22, 2015.

IT IS FURTHER ORDERED that Ms. Glaster's evidence of damages is limited to the final disclosure she makes by August 25, 2015.

IT IS SO ORDERED.

DATED this 18th day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE