JAMES R. OLSON, ESQ.
STEPHANIE M. ZINNA, ESQ.
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
jolson@ocgas.com
szinna@ocgas.com

Attorneys for Defendant
DOLLAR TREE STORES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YELE GLASTER, individually,<br><br>            Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., a<br>foreign corporation; DOES I - X, and<br>ROE CORPORATIONS XI - XX,<br>inclusive,<br><br>            Defendant. | CASE NO.  2:15-CV-252-MMD-VCF<br><br>**DEFENDANT DOLLAR TREE<br>STORES, INC.'S MOTION<br>TO STRIKE PLAINTIFF'S<br>EXPERT JOHN R. PETERSON<br>PURSUANT TO FRCP 37(b)(2)(A)** |

COMES NOW, Defendant DOLLAR TREE STORES, INC. ("Dollar Tree"), by and through its attorneys of record, James R. Olson, Esq. and Stephanie Zinna, Esq. of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and hereby submits its Motion to Strike Plaintiff's Expert John R. Peterson Pursuant to FRCP 37(b)(2)(A).

## I.    INTRODUCTION

Dollar Tree duly noticed the deposition of Plaintiff's expert John R. Peterson on August 19, 2015, setting his deposition for September 3, 2015. *See* Exhibit C. Plaintiff requested to continue the deposition to a later date, as Mr. Peterson was not available on September 3, 2015. Dollar Tree agreed, provided Plaintiff agreed to an extension of discovery and provided a new date for the deposition. No response was received. Dollar Tree took a Notice of Non-

Appearance for John R. Peterson on September 3, 2015.[1]  Dollar Tree now moves to strike the designation of Mr. Peterson as an expert as a sanction for his failure to comply with the Notice of Deposition.

## II.    STATEMENT OF FACTS

Plaintiff disclosed John R. Peterson as her expert on June 18, 2015.  Dollar Tree served the Notice of Taking Deposition of Mr. Peterson on August 19, 2015, setting his deposition for September 3, 2015.  *See* Exhibit C.  Plaintiff did not object to the Notice of Taking Deposition.

On or about August 28, 2015, Plaintiff's counsel first requested the deposition of Mr. Peterson be continued.  Dollar Tree agreed to the continuance, provided that discovery would be extended for 30 days and a new date was provided to Dollar Tree in order to continue, rather than vacate, the deposition.  No response was received to these requests.

On or about September 1, 2015, Plaintiff's counsel agreed to extend discovery for 30 days to allow Mr. Peterson's deposition to go forward and to provide Dollar Tree with a new date. *See* Exhibit F.  Thereafter, Plaintiff's counsel took issue with the proposed Stipulation and Order to Extend Discovery.  *See* Exhibit G.  Namely, Dollar Tree included a section in compliance with LR 26-4(b) delineating remaining discovery to be conducted.  *Id.*  Plaintiff believed this section "limited" discovery.  Dollar Tree requested Plaintiff propose language to comply with the rule. *See* Exhibit H.  Plaintiff refused, and provided no further information regarding Mr. Peterson's deposition.  Dollar Tree took a Notice of Non-Appearance for John R. Peterson on September 3, 2015.

## III.    LEGAL ARGUMENT

### A.    The Court Should Sanction Plaintiff Pursuant to FRCP 37(b)(2)(A) and (C)

FRCP 37(b)(1) states that "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court."  Dollar Tree issued a Notice of Deposition.  Plaintiff did not object to the Notice of Deposition or seek a protective order.  Plaintiff was aware that Dollar Tree wished to

---

[1] Dollar Tree has not yet received the transcript from the Notice of Non-Appearance and will provide it to the Court immediately upon receipt.

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

take Mr. Peterson's deposition. Indeed, when Dollar Tree initially noticed the deposition, Dollar Tree attempted to coordinate a date with Plaintiff's counsel's office and no response was received. Thus, Dollar Tree moved forward with noticing the deposition for September 3, 2015.

At all times Dollar Tree was amenable to moving the deposition, provided the parties stipulated to extend discovery and Plaintiff provided an alternate date. Plaintiff refused to do so, and instead forced Dollar Tree to take a Notice of Non-Appearance.

FRCP 37(b)(2)(A) provides that:

If a party...fails to obey an order to provide or permit discovery...the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FRCP 37(b)(2)(C) provides:

Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's outright disregard for the litigation process, including a lack of professional courtesy, has caused Dollar Tree to again incur significant costs and expenses. Dollar Tree requests the Court strike Mr. Peterson and impose an award of attorney's fees and costs as a sanction, and any other sanction the Court deems just and reasonable. In the alternative, Dollar Tree requests reimbursement of the fees and costs expended in taking the Notice of Non-Appearance and requests an extension of discovery in order to depose Mr. Peterson.

## IV.   CONCLUSION

Plaintiff has disregarded the discovery process, prejudiced Dollar Tree, and delayed this litigation. Dollar Tree requests the Court sanction Plaintiff pursuant to FRCP 37(b)(1), FRCP 37(b)(2)(A) and (C), including striking John R. Peterson for his failure to appear for deposition, and award Dollar Tree attorney's fees incurred in connection with this Motion and taking the

Notice of Non-Appearance for Mr. Peterson's deposition.  In the alternative, Dollar Tree requests reimbursement of its fees and costs expended in connection with the Notice of Non-Appearance and that the Court reopen the discovery period to permit Mr. Peterson's deposition to go forward.

DATED this _15th_ day of September, 2015.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By _____
JAMES R. OLSON, ESQ.
STEPHANIE M. ZINNA, ESQ.
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
Dollar Tree Stores, Inc.

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**AFFIDAVIT OF STEPHANIE ZINNA, ESQ. IN SUPPORT OF RENEWED MOTION TO EXCLUDE UNDISCLOSED DAMAGES IN COMPLIANCE WITH LR 26-7**

STATE OF NEVADA ⎞
⎟
COUNTY OF CLARK ⎞

I, STEPHANIE ZINNA, ESQ., being duly-sworn hereby depose and affirm

1.   That Affiant is a duly-licensed attorney practicing law in the State of Nevada, Bar No. 011488, and is an associate with the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, the attorneys of record for Defendant Dollar Tree Stores, Inc.

2.   After multiple attempts to obtain Plaintiff's cell phone records, it became apparent Affiant would not be able to obtain and produce said records prior to the close of discovery on September 8, 2015.

3.   On August 17, 2015, Affiant emailed Plaintiff's counsel regarding a stipulation and order to extend discovery for the purpose of obtaining phone records. *See* Exhibit A.

4.   Affiant received no response.

5.   On August 19, 2015, Affiant again emailed Plaintiff's counsel regarding a stipulation and order to extend discovery for the purpose of obtaining phone records. *See* Exhibit B.

6.   Affiant received no response.

7.   On or about August 19, 2015, Affiant duly noticed the deposition of Plaintiff's expert John R. Peterson for September 3, 2015 at 9:00 a.m. *See* Exhibit C.

8.   On or about August 20, 2015, Affiant called Plaintiff's counsel to discuss the extension of discovery.  Plaintiff's counsel requested a six-month extension to discovery.  Affiant declined to this extension, but tentatively agreed to a 30-60 day extension for Plaintiff to continue her treatment.  Affiant memorialized this conversation in an email on August 26, 2015, requesting a response from Plaintiff's counsel. *See* Exhibit D.

9.   Affiant received no response.

10. Affiant again sent email correspondence to Plaintiff's counsel on August 27, 2015, requesting a response. *See* Exhibit E.

11. Affiant received no response.

12. On or about August 28, 2015, Affiant held a telephonic conference with Paige Hall from Plaintiff's counsel's office. Ms. Hall requested we continue Mr. Peterson's deposition, as he was not available on September 3, 2015. Affiant agreed, provided that Plaintiff's counsel agreed to extend discovery and provided Affiant with a date to which to continue the deposition.

13. Affiant received no response.

14. On or about September 1, 2015, Affiant and Plaintiff's counsel held a telephonic conference, wherein the following stipulations were reached: (a) discovery would be tentatively extended for 30 days to retrieve phone records and medical records, and (b) discovery would be tentatively extended for 30 days for Plaintiff's expert deposition, pending an alternate date and time being provided for the deposition. This conversation was memorialized in an email correspondence. *See* Exhibit F.

15. Affiant sent a proposed Stipulation and Order attached to the September 1, 2015 correspondence. *See* Exhibit G.

16. On or about September 2, 2015, Affiant and Plaintiff's counsel held a telephonic conference wherein Plaintiff's counsel advised that the proposed Stipulation and Order was unacceptable as written because it limited discovery, and Affiant asserted the delineation of discovery was in compliance with LR 26-4.

17. Affiant again requested a delineation of discovery remaining in compliance with LR 26-4 to amend the Stipulation and Order. Affiant further requested another date for Plaintiff's expert's deposition. Affiant memorialized this conversation in an email dated September 2, 2015. *See* Exhibit H.

18. Affiant did not receive a response regarding Plaintiff's expert's deposition.

19. Affiant took a Notice of Non-Appearance for John R. Peterson on September 3, 2015.

*Law Offices of*
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

20.   Affiant requested an LR 26-7 conference on September 3, 2015. *See* Exhibit I.

21.   Affiant attempted to initiate an LR 26-7 conference on or about September 4, 2015, but Plaintiff's counsel did not answer.  Affiant memorialized all pending issues in another written request for an LR 26-7 conference on September 4, 2015. *See* Exhibit J.

22.   Plaintiff's counsel emailed Affiant regarding the requested LR 26-7 conference on September 8, 2015. *See* Exhibit K.  Plaintiff's counsel confirmed he had received Affiant's outline of pending issues. *Id.*

23.   On or about September 9, 2015, Affiant and Plaintiff's counsel held the LR 26-7 conference.  The following issues were not resolved: (a) both parties agreed to a 30-day extension of discovery, but Plaintiff's counsel could not agree to set forth an itemization of remaining discovery; (b) Plaintiff's counsel refused to reimburse Affiant for the costs and fees incurred in connection with Mr. Peterson's nonappearance for deposition; and (c) Plaintiff's counsel stated he could not update the computation of damages until he obtained additional medical records.  Affiant memorialized this conversation in an email dated September 9, 2015. *See* Exhibit L.

FURTHER AFFIANT SAYETH NAUGHT.


_____
STEPHANIE ZINNA, ESQ.

SUBSCRIBED AND SWORN to before me

this 15 day of September, 2015

_____
NOTARY PUBLIC in and for said County and State



NOTARY PUBLIC
County of Clark-State of Nevada
MARGARET ANTHIS
No. 99-25447-1
My Appointment Expires Nov. 18, 2015

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the ___ day of September, 2015, I served the above

**DEFENDANT DOLLAR TREE STORES, INC.'S MOTION TO STRIKE PLAINTIFF'S**

**EXPERT JOHN R. PETERSON PURSUANT TO FRCP 37(b)(2)(A)** through the CM/ECF

system of the United States District Court for the District of Nevada (or, if necessary, by U.S.

Mail, first class, postage pre-paid), upon the following:

Anthony M. Paglia, Esq.
Antony Paglia Injury Lawyer, Ltd.
255 East Warm Springs Road, #100A
Las Vegas, NV 89129
P:  702-830-7070
F: 702-522-054
apaglia@anthonypaglia.com
Attorneys for Plaintiff

An Employee of Olson Cannon Gormley
Angulo & Stoberski

*Law Offices of*
**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701