UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YELE GLASTER,<br><br>                        Plaintiff,<br>     v.<br><br>DOLLAR TREE STORES, INC.; DOES I – X; and ROE CORPORATIONS XI – XX,<br><br>                        Defendants. | Case No. 2:15-cv-00252-MMD-VCF<br><br>ORDER<br><br>(Pl.'s Motion to Remand – dkt. no. 14; Def.'s Counter Motion to Strike – dkt. no. 16; Pl.'s Motion to Amend – dkt. no. 19) |

**I.    SUMMARY**

This removed action stemmed from a trip and fall incident. Before the Court are three motions related to Plaintiff Yele Glaster's attempts to remand this case to state court. After Defendant's removal in February 2015, Plaintiff filed a Motion to Remand (dkt. no. 14) and a Motion to Amend (dkt. no. 19) — the former asserts that the amount in controversy falls below the $75,000 threshold defined in 28 U.S.C. § 1332, while the latter seeks to add a party that would destroy diversity of citizenship. Defendant Dollar Tree Stores, Inc. moved to strike Plaintiff's Motion to Remand, claiming that it was untimely and unnecessary in light of a previous order that this Court had issued. (Dkt. no. 16 at 6-7.) The Court has reviewed the relevant response and reply briefs. (Dkt. nos. 15, 17, 18, 21, 26, 27, 42, 46, 48.) For the reasons discussed below, Plaintiff's Motion to Amend is granted, and Plaintiff's Motion to Remand and Defendant's Motion to Strike are denied as moot.

## II. BACKGROUND

Plaintiff alleges that she tripped over an unattended cart in a Dollar Tree store, fell, and subsequently suffered injuries. (Dkt. no. 1-1 at 7-9.) She asserts claims for negligence; negligent hiring, training, retention, and supervision; and respondeat superior. (*Id.*) Plaintiff initiated this action in Nevada state court on December 23, 2014. (*See id.* at 1.) Defendant removed the lawsuit on February 12, 2015, claiming that subject matter jurisdiction exists under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (Dkt. no. 1.) The next day, the Court issued an Order to Show Cause as to the amount in controversy. (Dkt. no. 7.) As the Court explained, Plaintiff's filings suggested she had incurred only $22,876.77 in medical costs, even though she anticipated a jury award in excess of $50,000. (*Id.* at 2.) Defendant clarified in responding to the Order that Plaintiff had made a pre-litigation demand of $120,000, and that her past and future medical treatments would cost more than $75,000. (Dkt. no. 9 at 3.) Satisfied that the amount in controversy exceeds $75,000, the Court issued an order on March 6, 2015, ruling that Defendant had met its burden to demonstrate the requisite amount in controversy. (Dkt. no. 10.)

Three weeks later, on March 27, 2015, Plaintiff filed her Motion to Remand, claiming that Plaintiff's medical costs as of March 2015 totaled only $22,896.77. (Dkt. no. 14 at 2.) Plaintiff further clarified that she would not seek damages for any future medical treatment. (Dkt. no. 17 at 3.) In June 2015, Plaintiff apparently changed course, seeking to amend her Complaint by adding a non-diverse defendant, and claiming that her neck pain associated with the accident had returned. (Dkt. no. 19 at 2-3.) Because adding a non-diverse defendant to this lawsuit would destroy diversity jurisdiction and necessitate remanding the case under 28 U.S.C. § 1447(e), the Court will address Plaintiff's Motion to Amend first.

## III. MOTION TO AMEND

Plaintiff seeks leave to add Emmanual Wimmer, the manager of the Las Vegas Dollar Tree store where she tripped and fell. She alleges that Mr. Wimmer is a Nevada

resident; as such, Plaintiff argues, his joinder would destroy diversity jurisdiction and require a remand. (Dkt. no. 19 at 2, 8.) Defendant insists that Plaintiff seeks to join Mr. Wimmer solely to force a remand of this case, and urges the Court to deny Plaintiff leave to amend in light of this motive. (Dkt. no. 21 at 3-9.)

### A.     Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), *clarified by* 292 F.3d 1045 (9th Cir. 2002). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Where, as here, a plaintiff seeks to amend her complaint after removal in order "to join additional defendants whose joinder would destroy subject matter jurisdiction," a court "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447(e) is "permissive," giving "courts broad discretion to allow joinder, even though remand may result." *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989) (discussing legislative history); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder.").

///

Despite the permissive nature of § 1447(e), some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction.[1] Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form. *See, e.g.*, *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (considering a party's motive for seeking an amendment, any delays in seeking amendment, and the amendment's effect on the court's jurisdiction in determining whether to grant permissive joinder).

Given the broad discretion afforded by § 1447(e), and absent binding authority defining the factors that must be applied to a § 1447(e) analysis, *see Najera v. Steelhead Fabrication*, No. 14-cv-02070-JD, 2014 WL 4100665, at *2 (N.D. Cal. Aug. 20, 2014) (noting that no such authority exists), the Court finds persuasive the reasoning in *Righetti v. Shell Oil Company*, 711 F. Supp. at 533-35. There, after examining the legislative history of the 1988 enactment of § 1447(e), a court in the Northern District of California granted leave to join a non-diverse party, finding that "a facially bona fide claim against a non-diverse defendant [wa]s stated, amendment [wa]s sought early in the litigation and d[id] not appear to be for a dilatory purpose, and no prejudice to the named defendant exist[ed]." *Id.* at 535. Because the joinder destroyed diversity jurisdiction, the court remanded the action. *Id.*

///

///

---

[1] As a court in the Central District of California explains, those factors include: (1) whether the non-diverse party "is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a);" (2) whether, if the court were to deny joinder, any statute of limitations would foreclose a separate action against the non-diverse party; (3) any "unexplained delay in seeking the joinder;" (4) "whether the joinder is solely for the purpose of defeating federal jurisdiction;" (5) the validity of the claim against the non-diverse party; (6) prejudice that could possibly result from granting or denying joinder; (7) "the closeness of the relationship between the new and the old parties;" (8) "the effect of an amendment on the court's jurisdiction," and (9) "the new party's notice of the pending action." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).

4

**B.     Analysis**

Relying on the multi-factor test that some courts have applied in analyzing § 1447(e), Defendant urges the Court to reject Plaintiff's attempt to join Mr. Wimmer. (Dkt. no. 21 at 4 (citing *Desert Empire Bank*, 623 F.2d at 1376).) Defendant asks the Court to probe Plaintiff's motive in seeking joinder, and argues—based on representations by Plaintiff's counsel[2]—that the sole purpose for joinder is to destroy diversity. (*Id.* at 5, 7.) Defendant further argues that the equities favor denying joinder because any judgment against Mr. Wimmer would also apply to Dollar Tree, his employer, under a respondeat superior theory. (*Id.* at 7.) Plaintiff counters that she seeks, in good faith, to join Mr. Wimmer in order to bring a negligence claim against him. (Dkt. no. 27-1 at 4.) Plaintiff insists that joinder is appropriate even under the multi-factor test applied by some courts because her "primary motive" for joining Mr. Wimmer is to assert a negligence claim against him. (*Id.*)

The Court finds that joinder is appropriate because Plaintiff has stated a facially bona fide claim against Mr. Wimmer, because Plaintiff sought her amendment early in the litigation, and because it is not clear that Defendant would be prejudiced by joinder. *See Righetti*, 711 F. Supp. at 535. First, Plaintiff alleges that Mr. Wimmer was restocking the Dollar Tree store when she tripped and fell over a piece of equipment that is used for restocking. (*See* dkt. no. 19 at 9-11.) She further claims that Mr. Wimmer and Defendant are severally liable for her injuries because Mr. Wimmer's alleged negligence occurred while he was acting within the scope of his employment. (*Id.*) "In a negligence action, the

---

[2]According to Defendant, Plaintiff's counsel asserted that he would file the Motion to Amend in order to destroy diversity after realizing that the amount in controversy would exceed $75,000 if Plaintiff were to seek future damages. (Dkt. no. 21 at 5.) Defendant further points out that Plaintiff's Motion to Amend was initially filed as an errata to her Motion to Remand, which suggests that the Motion to Amend is designed to force a remand in this case. (*Id.*; *see* dkt. no. 19 at 1.) Even assuming that Plaintiff's motive in joining Mr. Wimmer is to destroy diversity, the Court disagrees that Plaintiff is seeking joinder in bad faith. Rather, Plaintiff can assert a facially valid negligence claim against Mr. Wimmer. Nor has she caused undue delay in seeking to join him as a defendant. The Court therefore disagrees with Defendant's assertion that Plaintiff's allegedly improper motive should warrant a denial of the Motion to Amend.

plaintiff has the burden of demonstrating the following: (1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's injury; and (4) that the plaintiff was damaged." *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992). Plaintiff's allegation that Mr. Wimmer failed to restock the store with the requisite standard of care appears to be a facially bona fide negligence claim against him. Furthermore, Defendant has not shown that Plaintiff's negligence claim against Mr. Wimmer would be rendered invalid by the respondeat superior doctrine. Instead, Defendant contends that it could satisfy any judgment that Plaintiff wins in this action, such that Plaintiff would not be prejudiced if the Court denies her Motion to Amend. (*See* dkt. no. 21 at 8-9.) But the fact that Defendant can satisfy a judgment does not appear to affect the facial validity of a negligence action against Mr. Wimmer.

Plaintiff, moreover, filed her Motion to Amend on June 25, 2015, about four months after Defendant removed the case. (Dkt. no. 19.) Plaintiff asserts that she learned of Mr. Wimmer's identity through a supplemental discovery disclosure on May 21, 2015.[3] (Dkt. no. 27-1 at 8.) Plaintiff thus waited approximately four weeks to seek to join Mr. Wimmer. Furthermore, Defendant removed this action on February 12, 2015, shortly after Plaintiff had initiated this lawsuit in state court on January 15, 2015. (Dkt. no. 1.) Plaintiff filed a Motion to Remand about a month later (dkt. no. 14), and sought amendment only after learning critical information about Mr. Wimmer through Defendant's discovery disclosures. *See Righetti*, 711 F. Supp. at 534 (finding that joinder and remand were appropriate under § 1447(e) because the case "was removed shortly after it was filed in state court" and "[n]o proceedings had occurred there"). The Court is
///

---

[3] Plaintiff asserts that she attached this supplemental disclosure to her reply as Exhibit 3, but that attachment appears to be her reply in support of her Motion to Remand. (Dkt. no. 27-1 at 25-28.) Plaintiff does offer, however, Defendant's Third Supplemental Disclosures under Rule 26(f), which identifies Mr. Wimmer as a potential witness. (*Id.* at 32.) That document is dated June 3, 2015. (*Id.* at 33.)

not persuaded that amendment should be denied because Plaintiff sought leave to amend several months after removal.

Finally, the Court finds that Defendant would not be prejudiced if joinder were permitted. Defendant has effectively conceded that Mr. Wimmer was acting within the scope of his employment when Plaintiff allegedly tripped and fell in one of Defendant's stores. (Dkt. no. 21 at 7 ("Dollar Tree does not dispute that Mr. Wimmer was acting in the course and scope of his employment.").) Defendant further contends that allowing joinder here would have repercussions for other premises liability cases by encouraging plaintiffs to add non-diverse parties to evade federal jurisdiction. (*Id.* at 9.) Along with assuming that premises liability cases necessarily give rise to diversity jurisdiction, this argument ignores the permissive nature of § 1447(e), which leaves district courts discretion to allow joinder of a non-diverse party after removal. The fact that a non-diverse party could be added to a premises liability action following removal — as 28 U.S.C. § 1447(e) envisions — does not constitute undue prejudice to Defendant. *Cf. Righetti*, 711 F. Supp. at 535 (allowing joinder where "no prejudice to the named defendant exists").

The Court will therefore grant Plaintiff's Motion to Amend. Because Mr. Wimmer is a non-diverse party, the Court must remand this action under 28 U.S.C. § 1447(e).

## IV.  REMAINING MOTIONS

Before filing her Motion to Amend, Plaintiff sought to remand this case due to an allegedly deficient amount in controversy. (Dkt. no. 14.) Defendant countered with a Motion to Strike Plaintiff's Motion to Remand. (Dkt. no. 16.) Defendant asserts that the Court had already determined that an adequate amount in controversy exists, which would render Plaintiff's Motion to Remand redundant. (*Id.*) Because the Court must remand this case in light of Plaintiff's joinder of a non-diverse defendant, the Court denies these motions as moot.

///

///

## V. CONCLUSION

It is therefore ordered that Plaintiff's Motion to Amend (dkt. no. 19) is granted. Because Plaintiff has joined a non-diverse defendant to this lawsuit, it is further ordered that the case be remanded to state court.

Finally, it is ordered that Plaintiff's Motion to Remand (dkt. no. 14) and Defendant's Motion to Strike (dkt. no. 16) are denied as moot.

DATED THIS 12th day of January 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE